IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALEX SMITH, | CV 24-79-GF-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN PETE BLUDWORTH,[1] ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Pending before the Court is a petition filed by pro se state prisoner, Alex

Smith ("Smith"), seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc.

1.) In his filing, Smith asks to be relieved from his 2022 state judgment of

conviction imposed in Montana's Eighth Judicial District, Cascade County. (*Id.* at

2-3.) Smith seek reversal of his conviction and asks that he be discharged from

---

[1] In federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F. 3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Because Smith is incarcerated at Crossroads Correctional Center, the caption is amended to reflect Warden Bludworth as the proper Respondent.

custody.  (*Id*. at 11, ¶ 16.)

The Montana Supreme Court summarized Smith's underlying criminal

proceedings as follows:

> [T]he State charged Smith with five felonies, including attempted
> deliberate homicide, on August 14, 2021, in Cascade County District
> Court.  On June 24, 2022, the District Court accepted Smith's nolo
> contendere pleas to two counts of felony assault with a weapon
> (reasonable apprehension) and sentenced Smith to the Montana State
> Prison for two, consecutive twenty-year terms.  Smith did not appeal
> his conviction and sentence [  ].

*Smith v. Salmonsen*, No. OP 22-0428, Order, at 1 (Mont. Sept. 20, 2022).

Although he did not file a direct appeal, Smith did seek relief from the

Montana Sentence Review Division.  On November 16, 2022, his net forty-year

sentence was reduced to thirty years, with twenty of those years suspended.  (Doc.

1 at 3.)

In his petition before this Court, Smith points to various claims he presented

to the state district court in his petition for postconviction relief, including:

ineffective assistance of counsel, judicial bias, and lack of access to the court

and/or legal materials.  (*Id*. at 4-5.)  Smith alleges trial counsel were ineffective in

various respects, including failing to raise a lack of medical care during the

underlying proceedings, which resulted in an involuntary plea.  (*Id*. at 7-8.)  Smith

acknowledges that his postconviction proceedings are currently ongoing in the

state district court, (*id*. at 9), but suggests that this Court should intervene because

2

his state remedies have proven inadequate.  (*Id*. at 13-17.)

## I.      Motion to Proceed in Forma Pauperis

Smith seeks leave of the court to proceed in forma pauperis. (Doc. 2.)  The account statements provided by Smith indicate he may not have sufficient funds to pay costs associated with this action.  *See*, (Docs. 2-1 & 5-1.)  The motion will be granted.

## II.     28 U.S.C. § 2254 Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See also* 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition of portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted).

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies with respect to any claim for relief before petitioning for a writ in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022) (outlining AEDPA's exhaustion requirement).  Federal courts may not grant a writ of habeas corpus

3

brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). The exhaustion requirement seeks to avoid "the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan*, 526 U.S. at 845, (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id., see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not

4

establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

A petitioner bears the burden to show compliance with the exhaustion requirement. *See e.g., Cartwright v. Cupp*, 650 F. 2d 1103, 1104 (9th Cir. 1981). State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the highest court of the state. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989); *James v. Borg*, 24 F. 3d 20, 24 (9th Cir. 1994).

Federal courts will excuse the failure to exhaust only where "there is an absence of available State corrective process" or "circumstances that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). As set forth above, Smith acknowledges his postconviction petition remains pending in the state district court. Thus, his federal petition is fully unexhausted.

Moreover, the Montana Supreme Court has repeatedly denied Smith relief, by declining to issue writs for either supervisory control or habeas corpus relief, while the district court postconviction proceedings remain active. *See Smith v. Eighth Judicial District Court, et al.*, Cause No. OP 24-0281, Order at 2, fn.1 (collecting cases).[2] While Smith may be unhappy with the pace at which his state

---

[2] A copy of this Order is attached to Smith's petition. *See*, (Doc. 1-1 at 1-3.)

postconviction matter is proceeding, he has not established the absence of an available state corrective process.  He is required to exhaust his federal claims.

Accordingly, Smith must present his claims to the state courts, in a procedurally appropriate manner, and give them one full opportunity to review any federal constitutional claims.  *O'Sullivan*, 526 U.S. at 845.  Because Smith has not yet exhausted his available state court remedies, this Court cannot review the claims.  *See Rose v. Lundy*, 455 U.S. 509 (1982).

Smith is cautioned he should refrain from challenging his active state proceedings in this Court.  Continuing to do so may have a preclusive effect on his future ability to file a federal habeas petition.  *See e.g.*, *U.S. v. Barrett*, 178 F. 3d 34, 57 (1st Cir. 1999) (explaining AEDPA generally limits prisoners to "one bite at the post-conviction apple" absent very limited circumstances); 28 U.S.C. § 2244(b)(prohibiting filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam) (district court lacks jurisdiction to hear a second or successive petition absent authorization from the Circuit Court).  Dismissal will be without prejudice, allowing Smith to return to this Court if and when he fully exhausts any potential federal claims.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Smith has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because the petition is fully unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, IT IS ORDERED that:

1. Smith's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2. Smith's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 23rd day of September, 2024.

Donald W. Molloy, District Judge
United States District Court